By the Court.
Both sides to this controversy rely upon Section 486-8, General Code, which reads in part:
*254 “The civil service of the state of Ohio and the several counties, cities and city school districts thereof shall be divided into the unclassified service and the classified service.* * *
“(b) The classified service shall comprise all persons in the employ of the state, the several counties, cities and city school districts thereof, not specifically included in the unclassified service, to be designated as the competitive class and the unskilled labor class. # #
“2. The unskilled labor class shall include ordinary unskilled laborers. Vacancies in the labor class shall be filled by appointment from lists of applicants registered by the commission. The commission shall in its rules require an applicant for registration in the labor class to furnish such evidence or take such tests as it may deem proper with respect to age, residence, physical condition, ability to labor, honesty, sobriety, industry, capacity and experience in the work or employment for which he applies. Laborers who fulfill the requirements shall be placed on the eligible list for the kind of labor or employment sought and preference shall be given in employment in accordance with the rating received from such evidence or in such tests. Upon the request of an appointing officer, stating the kind of labor needed, the pay and probable length of employment, and the number to be employed, the commission shall certify from the highest on the list, double the number to be employed, from which the appointing officer shall appoint the number actually needed for the particular work. In the event of more than one applicant receiving the same rating, priority in time of application shall determine the order in which their names shall be certified for appointment.” (Italics ours.)
The relator maintains that he is a permanent appointee in the unskilled labor class of the classified *255 service. He contends that construing the words “shall be” and “shall” as “may,” in the second and third sentences of sub-paragraph 2 above quoted, the procedure is discretionary and not mandatory with the commission; and if the court holds those provisions to be mandatory, then relator contends further that his appointment was in substantial compliance with sub-paragraph 2. He then insists upon a strict adherence to the requirements of Section 486-17a, General Code, relating to grounds and procedure for removal of an employee in the classified service.
Respondent contends that the amended petition does not allege a compliance with the provisions of sub-paragraph 2 which specifically require that vacancies in the labor class shall be filled from lists of applicants registered and that the commission in its rules shall require an applicant to furnish such evidence or take such tests as it may deem proper; and that since the amended petition does not plead that relator was appointed from a list furnished by' the commission, or that he ever applied for registration, he cannot properly be considered as in the unskilled labor class of the classified service and is therefore not entitled to the protection afforded to persons within the classified service.
A careful examination of the amended petition does not disclose any averment which could be construed as alleging a compliance with the statutory registration requirement, and therefore we are of the opinion that the relator in this proceeding cannot rightfully claim the tenure secured to those persons in the classified service. State, ex rel. Baird, v. Schroy, Mayor, 135 Ohio St., 94, 19 N. E. (2d), 644; State, ex rel. Brewer, v. Smith, ante, 67, 23 N. E. (2d), 836.
A writ of mandamus will be issued only where the relator establishes a clear legal right thereto. 25 Ohio Jurisprudence,- 997, Section 23.
*256 The demurrer to the petition will be sustained and relator not desiring to plead further a writ of mandamus will be denied.

Demurrer sttstained and writ denied.

Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.